# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MAHAMADOU TRERA, | |
| Petitioner, | Case No.: 18-cv-01497 |
| v. | Judge Dan Aaron Polster |
| REBECCA ADDUCCI, et al. | **OPINION AND ORDER** |
| Respondents. | |

Before the Court is Petitioner Mahamadou Trera's Petition for Writ of Habeas Corpus by a person in federal custody pursuant to 28 U.S.C. §2241. **(Doc. #: 1)** For the following reasons, Trera's Petition is hereby **DISMISSED WITHOUT PREJUDICE**.

Trera filed his petition on July 2, 2018. The Government filed a Return of Writ on August 10, 2018. Trera's Traverse, if he intended to file one, is currently overdue. Under 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus . . . if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248. Therefore, the Court makes its ruling on Trera's Petition with the information currently before it and takes the allegations in the Government's Return as true.

According to the Supreme Court, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *see also, Clark v. Martinez*, 543 U.S. 371 (2005). The burden is on the petitioner to demonstrate good reason to believe that here is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

However, if the petitioner can demonstrate good reason, the burden switches to the government to rebut that showing. *Id.*

Here, the government states the following facts, which must be accepted as true:

- Petitioner's removal period began on December 6, 2017, when his removal order became administratively final.
- On or about February 20, 2018, Petitioner's custody status was reviewed and Petitioner was served with an initial Decision to Continue Detention.
- On or about June 1, 2018, ICE's Petitioner's custody status was again reviewed and Petitioner was again issued a Decision to Continue Detention because ICE continued to work with the government of The Gambia to secure travel documents.
- Petitioner's next post-order custody review was scheduled to occur the beginning of September.
- On July 3, 2018, the Embassy of The Gambia issued a letter requesting documents to establish that Petitioner is a native of The Gambia.
- Petitioner completed a sworn statement to establish the fact that Petitioner is a native of The Gambia. The statement was submitted to ICE HQ ERO RIO on July 12, 2018, which was forwarded to the Embassy of The Gambia
- There are no current impediments to the removal of aliens to The Gambia.
- To date, the Embassy of The Gambia has not responded to the additional information submitted.

Because Trera has not provided any evidence as to why he might not be able to return to The Gambia, he has not demonstrated good reason to believe he will not be removed in the reasonably foreseeable future. Further, although the burden has not switched in this case, the U.S. Government has demonstrated that it is actively working with the government of The Gambia to effect Trera's removal. Because Trera's removal should occur in the reasonably foreseeable future, his Petition for Writ of Habeas Corpus (**Doc. #: 1**) is **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED.**

    /s/Dan Aaron Polster   9/26/2018
**Dan Aaron Polster**
**United States District Judge**